IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALFRED BECK ALLEN,<br><br>          Petitioner,<br><br>    v.<br><br>STATE OF ALASKA,<br><br>          Respondent.[1] | Case No. 3:24-cv-00184-SLG |

## ORDER OF DISMISSAL

On August 21, 2024, Alfred Beck Allen, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") and paid the filing fee.[2] The Court takes judicial notice of the underlying criminal conviction Mr. Allen seeks to challenge in *State of Alaska vs. Allen,* Case No. 3AN-06-07050CR, his subsequent state court appeal,[3] and post-conviction relief proceedings in state court.[4]

---

[1] The proper respondent in a habeas action is the state officer who holds custody of the petitioner. For a prisoner, this is usually the prison superintendent or warden. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *see also Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Docket 1.

[3] *Allen v. State*, Case No. A-10246 (Alaska Ct. App. 2010).

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.")

## SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[5] Upon screening, it plainly appears that Mr. Allen is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

### I. Procedural History

Mr. Allen has filed three unsuccessful petitions for post-conviction relief in state court challenging his conviction in *State vs. Allen,* Case No. 3AN-06-07050CR.[6] In his third case, Mr. Allen "represented himself in the superior court proceedings, raising various claims, including that his trial attorney and his first (but not second) post-conviction relief attorney were ineffective."[7] On July 2, 2021,

---

(internal quotation marks and citation omitted). The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at
https://courts.alaska.gov/main/search-cases.htm.

[5] *Id.*

[6] *In re Allen vs. State of Alaska,* Case No. 3AN-10-11145CI (Filed on 9/16/2010; Case Closed on 7/22/2015); *In re Allen vs. State of Alaska*, Case No. 3AN-15-09484CI (Filed on 8/28/2015; Case Closed on 8/01/2017); *In re Allen vs. State of Alaska,* Case No. 3AN-19-08856CI (Filed on 7/02/2021; Case Closed on 7/02/2021).

[7] *See Allen v. State*, Case No. A-13872, 2023 WL 8909637, at *1 (Alaska Ct. App. 2023) (unpublished).

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 2 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 2 of 10

the superior court dismissed his ineffective assistance of counsel claims as untimely and rejected his newly discovered evidence claim on the merits. Mr. Allen obtained an attorney and appealed the dismissal on July 20, 2021.[8]

On appeal, Mr. Allen argued his second post-conviction relief attorney failed to notify him when his second application was dismissed, that the superior court should have assisted him in litigating his ineffective assistance of counsel claims, and that the superior court did not specifically address whether those claims were time-barred.[9] Mr. Allen did not challenge the trial court's ruling on his newly discovered evidence claim. The Alaska Court of Appeals affirmed the judgment of the superior court on December 27, 2023. Mr. Allen's Petition for Hearing was denied by the Alaska Supreme Court on May 7, 2024.[10] Mr. Allen then filed the Petition in this case.[11]

## II. Federal Habeas Relief

To respect federal-state dual sovereignty, the availability of federal habeas relief is narrowly circumscribed.[12] Federal courts "reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure

---

[8] *Allen v. State of Alaska*, Case No. A-13872, 2023 WL 8909637, at *1 (Alaska Ct. App. 2023) (unpublished).

[9] *Id*. (emphasis in original).

[10] *Allen v. State of Alaska,* Case No. S-18982 (Alaska 2024).

[11] Docket 1.

[12] *Shinn v. Ramirez*, 212 L. Ed. 2d 713 (2022).

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 3 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 3 of 10

that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."[13] Before a federal court reaches the merits of a habeas claim arising from state criminal proceedings, it must consider certain preliminary issues, such as the exhaustion requirement and the procedural default doctrine. Together, the exhaustion requirement and the procedural default doctrine promote federal-state comity by affording States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," and by protecting against "the significant harm to the States that results from the failure of federal courts to respect" state procedural rules.[14]

A state prisoner must properly pursue his federal claims through one complete round of the state's established direct appeal process or post-conviction proceedings before a federal court may consider an application for a writ of habeas corpus.[15] Direct appeals and post-conviction relief proceedings are distinct procedural vehicles used to challenge the constitutionality of a defendant's conviction or sentence. A criminal defendant "need not forgo one in order to pursue the other, and many, if not most, defendants pursue both. Indeed, in many

---

[13] *Martinez v. Ryan,* 566 U.S. 1, 9 (2012).

[14] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[15] 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman*, 501 U.S. at 731.

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 4 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 4 of 10

circumstances, a defendant *must* pursue both to preserve all of their claims for federal habeas corpus review."[16]

In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.[17] Except in limited circumstances, federal constitutional claims must first be presented to the Alaska Superior Court.[18] If the petitioner disagrees with the result, the claim must then be presented to the Alaska Court of Appeals.[19] If a petitioner receives an adverse final decision[20] from the appellate court, each claim must then be raised in a petition for hearing to the Alaska Supreme Court.[21] Although the supreme court has absolute discretion whether to grant or deny the petition for hearing — *i.e.,* whether to hear the petitioned case

---

[16] *Mack v. State,* 523 P.3d 1235, 1251 (Alaska Ct. App. 2023).

[17] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[18] *See* Alaska Stat. §§ 12.72.010(4) (allowing post-conviction relief claims based on material facts not previously presented and heard) and 12.72.010(9) (ineffective assistance of counsel claims may be raised in post-conviction relief proceedings). *See also Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003) (authorizing a criminal defendant to file a second post-conviction relief application challenging the effectiveness of their attorney in their first post-conviction relief proceeding).

[19] Alaska Stat.§ 22.07.020(d).

[20] Alaska Stat. § 22.05.010 (d) (in this subsection, "final decision" means a decision or order, other than a dismissal by consent of all parties, that closes a matter in the court of appeals).

[21] *See* Alaska Stat. §§ 22.05.010, 22.07.020, and 22.07.030. *See also* Alaska Rules of Appellate Procedure 215, 301-05.

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 5 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 5 of 10

on the merits[22] — the state court process is exhausted only after a petition for hearing has presented to, and ruled upon, by the state supreme court.[23]

### A. Newly Discovered Evidence Claim

The Alaska Superior Court rejected Mr. Allen's newly discovered evidence on the merits. Mr. Allen did not challenge the dismissal of that claim on appeal, and the time to appeal has passed. Because he did not properly present this claim through one "complete round of the State's established appellate review process,"[24] he cannot seek relief for this claim in federal court.

### B. Ineffective Assistance of Counsel Claims

The Alaska Superior Court could have considered Mr. Allen's ineffective assistance of counsel claims on the merits, but it instead elected to apply the state's procedural rule against him by dismissing the claims as untimely. And that court had no responsibility to further investigate or assist him with any potential claims against his second post-conviction relief attorney he failed to bring in that

---

[22] Alaska R. App. P. 304 ("granting of a petition for hearing is not a matter of right but is within the discretion of the court of discretionary review"). *See also Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska App. 1997) (discussing the distinction between the right to appeal and the right to petition).

[23] *See* Alaska Stat. § 22.07.030 (providing that "[a] party may apply to the supreme court for review of a final decision of the court of appeals"); Alaska R. App. P. 302(a)(1) (providing that "[a] petition for hearing may be filed in the supreme court with respect to any final decision of the court of appeals").

[24] *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 6 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 6 of 10

case.[25] The Court of Appeals affirmed the dismissal of his ineffective assistance of counsel claims as time-barred, and the Alaska Supreme Court then denied his Petition for Hearing. As a result, Mr. Allen has been procedurally defaulted from pursuing his federal ineffective assistance of counsel claims in state court pursuant to an independent and adequate state procedural rule.

In the case of a procedural default such as this, federal habeas review of the claims is barred unless a petitioner can demonstrate (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence.[26]

**(1) Cause and Actual Prejudice**

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule.[27] To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and

---

[25] *Allen v. State,* Case No. A-13872, 2023 WL 8909637, at *1 (Alaska Ct. App. 2023) ("To provide the assistance Allen now claims he was denied, the superior court would have been required to identify, investigate, and analyze substantive legal issues.").

[26] 28 U.S.C. § 2254(c)(2)(B); *Martinez v. Ryan,* 566 U.S. 1 (2012); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[27] *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 7 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 7 of 10

substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[28]

Mr. Allen has not demonstrated good cause to excuse his late filing with the Alaska Superior Court. Because he has failed to make the requisite showing to excuse his procedural default in missing the state filing deadline, the Court does not address the actual prejudice prong.

**(2) Miscarriage of Justice/Actual Innocence**

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt."[29] Significantly, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]"[30] A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[31]

---

[28] *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[29] *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original).

[30] *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence").

[31] *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327)).

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 8 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 8 of 10

Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."[32]

Mr. Allen asserts that the police arrested someone else in his case, and that the prosecutor was fired for prosecutorial misconduct.[33] He states he also received a letter from the Office of the Special Counsel showing his DNA did not match any evidence collected at the scene.[34] Therefore, liberally construed, Mr. Allen asserts his actual innocence. However, the superior court rejected this claim on the merits, and Mr. Allen declined to contest that decision on appeal. Further, he does not provide any new reliable evidence to support his claim and makes no showing that the failure to consider his defaulted claims will result in a fundamental miscarriage of justice.

In conclusion, because Mr. Allen has not demonstrated cause to excuse his untimeliness in state court nor his actual innocence, Mr. Allen is barred from pursuing his ineffective assistance claims in a federal habeas proceeding pursuant to the procedural default doctrine.[35]

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED.**

---

[32] *Shumway v. Payne*, 223 F.3d 982, 990 (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

[33] Docket 1 at 5.

[34] Docket 1 at 6.

[35] *Gray v. Netherland,* 518 U.S. 152, 162 (1996)

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 9 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 9 of 10

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter a final judgment.

4. A Certificate of Appealability shall not issue.[36]

DATED this 27th of September 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[36] 28 U.S.C. §2253(c)(2).  *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right[,]" *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted)).  Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

Case No. 3:24-cv-00184-SLG, *Allen v. State of Alaska*
Order of Dismissal
Page 10 of 10
Case 3:24-cv-00184-SLG   Document 3   Filed 09/27/24   Page 10 of 10